IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHY CROSBY, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>　　　　　Defendants. | Case No. 20-cv-08529-MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OR STRIKE; AFFORDING PLAINTIFFS LEAVE TO AMEND; CONTINUING INITIAL CASE MANAGEMENT CONFERENCE** |

　　　　Before the Court is defendants County of Alameda ("the County") and County of Alameda Officer Henderson's ("Henderson") (collectively, "Moving Defendants") Motion, filed January 4, 2021, "to Dismiss or, in the Alternative, Strike Plaintiffs' Complaint."[1] Plaintiffs Kathy Crosby ("Crosby") and C.C. have filed opposition, to which Moving Defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows:[2]

　　　　1.　　The First and Second Causes of Action, titled, respectively, "Fourteenth Amendment, 42 U.S.C. § 1983[;] Violation of Christopher Crosby's Substantive Due Process Rights" and "Fourteenth Amendment, 42 U.S.C. § 1983[;] Violation of P[laintiffs'] Right to a Familial Relationship," are subject to dismissal as follows:

　　　　　　　　a.　　To the extent the First Cause of Action is alleged on behalf of Crosby, the claim is, for the reasons stated by Moving Defendants, subject to dismissal for lack of standing. Specifically, although survivors of a decedent may, "if the relevant

---

　　[1] The remaining defendant, Wellpath, Inc., has not joined the instant motion.

　　[2] By order filed February 8, 2021, the Court took the matter under submission.

state's law authorizes a survival action," bring a § 1983 action on the decedent's behalf, see Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 369 (9th Cir. 1998), and, under California law, a survival action "may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest," see Cal. Civ. Proc. Code § 377.30, here, Crosby, the mother of Christopher Crosby, the decedent, has not asserted she is the decedent's personal representative, and her declaration stating she is a "co-successor[ ]-in-interest as defined in section 377.11 of the California Code of Civil Procedure and succeeds to the decedent's interest in this action" (see Doc. No. 8 at 5:1-2) lacks the requisite "facts in support thereof," see Cal. Civ. Proc. Code § 377.32(a)(5).

      b.      To the extent the First and Second Causes of Action are brought against the County, those claims are, for the reasons stated by Moving Defendants, subject to dismissal for failure to allege sufficient facts to support a finding of municipal liability under § 1983.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) (holding municipality may not be held liable under § 1983 unless alleged wrongful act was committed "pursuant to an official municipal policy").

      c.      To the extent the First and Second Causes of Action are brought against Henderson in her official capacity, those claims are, for the reasons stated by Moving Defendants, subject to dismissal as duplicative of plaintiffs' claims against the County.  See Ctr. for Bio-Ethical Reform, Inc. v. L.A. Cnty. Sheriff Dep't, 533 F.3d 780, 799 (9th Cir. 2008) (holding, where plaintiff names as defendants "local government entity" and "municipal officer" in his/her "official capacity," district court "may dismiss the officer as a redundant defendant").

      d.      To the extent the First and Second Causes of Action are brought against Henderson in her individual capacity, those claims are, for the reasons stated by Moving Defendants, subject to dismissal for failure to allege facts sufficient to demonstrate Henderson's participation in the alleged constitutional violations was "integral."  See Blankenhorn v. City of Orange, 485 F.3d 463, 481 n.12 (9th Cir. 2007) (internal quotation and citation omitted) (holding municipal officer's liability "under section

1983 is predicated on his integral participation in the alleged violation"; explaining "some fundamental involvement in the conduct that allegedly caused the violation" is required (internal quotation and citation omitted)).

    2.    The Third Cause of Action, titled "Violation of California Government Code § 845.6," is subject to dismissal as follows:

        a.    To the extent such claim is alleged on behalf of Crosby, the claim is, for the reasons stated by Moving Defendants, subject to dismissal for lack of standing. Specifically, as noted above, only a decedent's personal representative, or, if none, the decedent's successor in interest, may, under California law, bring a survival action, and Crosby has neither asserted she is the decedent's personal representative nor provided facts sufficient to support her assertion that she is the decedent's co-successor in interest. See Cal. Civ. Proc. Code §§ 377.30, 377.32.

        b.    To the extent such claim is brought against Henderson in her individual capacity,[3] the claim is, for the reasons stated by Moving Defendants, subject to dismissal for failure to allege facts sufficient to demonstrate Henderson knew or had reason to know the decedent was in need of "immediate medical care," or that Henderson, despite such knowledge, failed to take "reasonable action to summon such medical care." See Cal. Gov't Code § 845.6.

    3.    The Fourth Cause of Action, titled "Wrongful Death– Negligence," is subject to dismissal as follows:

        a.    To the extent such claim is alleged on behalf of Crosby, the claim is, for the reasons stated by Moving Defendants, subject to dismissal for lack of standing, as Crosby has failed to allege she was "dependent on the decedent." See Cal. Civ. Proc. Code § 377.60(b)(1) (providing decedent's parents, "if they were dependent on the

---

[3] By order filed February 3, 2021, the Court approved the parties' stipulation to dismiss with prejudice plaintiffs' Third and Fourth Causes of Action to the extent brought against the County and Henderson in her official capacity. (See Order, filed Feb. 3, 2021, at 3:3-8.)

decedent," have standing to assert wrongful death claim).

   b. To the extent such claim is brought against Henderson in her individual capacity, the claim is, for the reasons stated by Moving Defendants, subject to dismissal for failure to allege facts sufficient to demonstrate the decedent's suicide was caused by Henderson's "wrongful act or neglect." See Cal. Civ. Proc. Code § 377.60.

 4. Although, as noted above, plaintiffs' claims against Henderson in her individual and/or official capacity are subject to dismissal, plaintiffs' claim for punitive damages, as alleged against Henderson, is, for the reasons stated by Moving Defendants, subject to dismissal on the additional ground that plaintiffs fail to allege facts sufficient to demonstrate such an award is appropriate.[4] See Cal. Civ. Code § 3294(a) (providing, where defendant "has been guilty of oppression, fraud, or malice," plaintiff may recover punitive damages); Smith v. Wade, 461 U.S. 30, 56 (1983) (holding, where "defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others," punitive damages available in § 1983 action).

 5. For the reasons stated by Moving Defendants, plaintiffs' claim for injunctive relief is subject to dismissal for lack of standing. See LaDuke v. Nelson, 762 F.2d 1318, 1324 (9th Cir. 1986) (holding plaintiff seeking injunctive relief must show "likelihood of similar injury in the future").

 6. With the exception of plaintiffs' claims against Henderson in her official capacity, the Court finds it appropriate to afford plaintiffs leave to amend to cure the above-identified deficiencies. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (holding, "[d]ismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment"). As to plaintiffs' claims against Henderson in her official capacity, however,

---

[4] Plaintiffs have withdrawn their claim for punitive damages to the extent such claim is alleged against the County. (See Opp. at 15:15-17.)

4

the Court finds, for the reasons stated above, amendment of those claims would be futile. See Missouri ex rel. Koster v. Harris, 847 F.3d 646, 656 (9th Cir. 2017) (holding leave to amend is properly denied "where the amendment would be futile" (internal quotation and citation omitted)).

**CONCLUSION**

For the reasons stated above, defendants' Motion to Dismiss or Strike is hereby GRANTED, as follows:

1. The First, Third, and Fourth Causes of Action, to the extent alleged on behalf of Crosby, are DISMISSED with leave to amend.

2. The First and Second Causes of Action, to the extent alleged against the County, are DISMISSED with leave to amend.

3. The First and Second Causes of Action, to the extent alleged against Henderson in her official capacity, are DISMISSED without leave to amend.

4. The First, Second, Third, and Fourth Causes of Action, to the extent alleged against Henderson in her individual capacity, are DISMISSED with leave to amend.

5. The prayer for punitive damages, to the extent alleged against Henderson, is STRICKEN with leave to amend.

6. The prayer for injunctive relief is STRICKEN with leave to amend.

Plaintiffs' First Amended Complaint, if any, shall be filed on or before March 26, 2021.  If plaintiffs do not file a First Amended Complaint within the time provided, the instant action will proceed on the remaining claims in the Complaint.

In light of the foregoing, the Initial Case Management Conference is hereby CONTINUED from March 12, 2021, to May 14, 2021, at 10:30 a.m.  A Joint Case Management Statement shall be filed no later than May 7, 2021.

**IT IS SO ORDERED.**

Dated: February 26, 2021

MAXINE M. CHESNEY
United States District Judge