IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHY CROSBY, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-08529-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT COUNTY OF ALAMEDA'S MOTION TO DISMISS** |

Before the Court is defendant County of Alameda's ("the County") Motion, filed April 9, 2021, "to Dismiss Plaintiffs' First Amended Complaint," pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Plaintiffs have filed opposition, to which the County has replied. Having read and considered the papers submitted in support of and in opposition to the motion, the Court rules as follows.[2]

## BACKGROUND

The instant action arises out of the death of Christopher Crosby on December 4, 2019, while incarcerated at Santa Rita Jail in Alameda County. (See First Am. Compl. ¶¶ 14-15.) Plaintiff Kathy Crosby is the mother of Christopher Crosby, and plaintiff C.C. is the daughter of Christopher Crosby. (See id. ¶¶ 8-9.) In their First Amended Complaint ("FAC"), plaintiffs allege Christopher Crosby was admitted to the Santa Rita Jail in February 2018 and classified as a suicide risk by County correctional officers and

---

[1] The remaining named defendant, Wellpath, Inc. ("Wellpath"), has not joined the instant motion.

[2] By order filed May 10, 2021, the Court took the matter under submission.

staff from Wellpath, a company that "provides medical services for inmates at Santa Rita Jail." (See id. ¶ 15.) According to plaintiffs, County staff and Wellpath staff "failed to properly monitor [Christopher] Crosby" and "failed to prevent [him] from possessing a plastic bag," which, plaintiffs allege, he "placed . . . over his head" and "then suffocated and died." (See id.)

Based on the above allegations, plaintiffs assert claims against Wellpath and two sets of Doe defendants, specifically, Does 1-25, who, plaintiffs allege, were at all relevant times employees of the County, and Does 26-50, who, plaintiffs allege, were at all relevant times employees of Wellpath. (See FAC ¶¶ 10-11.) In particular, plaintiffs assert, as against Wellpath and all Doe defendants, two federal Causes of Action, titled, respectively, "Fourteenth Amendment, 42 U.S.C. § 1983[;] Violation of Christopher Crosby's Substantive Due Process Rights" and "Fourteenth Amendment, 42 U.S.C. § 1983[;] Violation of P[laintiffs'] Right to a Familial Relationship"; additionally, as against Wellpath and Does 26-50, plaintiffs assert one state law Cause of Action, titled "Wrongful Death– Negligence."[3]

## DISCUSSION

By order filed February 3, 2021, the Court approved the parties' stipulation to dismiss with prejudice plaintiffs' state law Causes of Action to the extent brought against the County in plaintiffs' initial complaint (see Order, filed Feb. 3, 2021, at 3:3-8), and by order filed February 26, 2021, dismissed with leave to amend plaintiffs' federal claims as asserted therein against the County, finding such claims were subject to dismissal "for failure to allege sufficient facts to support a finding of municipal liability under § 1983." (See Order, filed Feb. 26, 2021, at 2:10-15 (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)).) On March 26, 2021, plaintiffs filed the FAC.

By the instant motion, the County first contends plaintiffs' claims, to the extent

---

[3] By order filed May 5, 2021, the Court approved the parties' stipulation to dismiss with prejudice plaintiffs' state law Cause of Action titled "Violation of California Government Code § 845.6." (See Order, filed May 5, 2021.)

alleged against the County, are again subject to dismissal for failure to state a claim. As the County acknowledges, however, none of the Causes of Action alleged in the FAC are asserted against the County, an absence that does not appear to have been an oversight. (See Opp. at 5:10-12 (stating "[p]laintiffs will seek leave to amend to add causes of action against the County of Alameda once the parties participate in discovery").)

In any event, even assuming plaintiffs did intend to include the County in their federal Causes of Action, such claims, as the County points out, are again subject to dismissal for failure to allege sufficient facts to support a finding of municipal liability under § 1983, as plaintiffs have failed to allege facts showing any alleged deprivation of constitutional rights occurred as a result of a municipal policy. See Monell, 436 U.S. at 691 (holding municipality may not be held liable under § 1983 unless alleged wrongful act was committed "pursuant to an official municipal policy").[4]

Consequently, plaintiffs' claims, to the extent asserted against the County, will be dismissed,[5] and, given plaintiffs' failure to cure the previously identified deficiencies in the initial complaint, such dismissal will be without further leave to amend. If, however, during the course of discovery, plaintiffs learn of facts supporting a cognizable claim for relief against the County, they may seek reconsideration of such dismissal. See Civil L.R. 7-9(b) (setting forth grounds upon which motion for reconsideration may be heard).

Next, the County, in its Reply, argues plaintiffs' federal Causes of Action, to the extent asserted against Does 1-25, are also subject to dismissal, on the ground that the

---

[4] To the extent plaintiffs argue a report released by the United States Department of Justice Civil Rights Division on April 22, 2021 supports a finding of municipal liability under § 1983 (see Opp. at 4:27-5:7), such argument is unavailing, as the report cannot be considered in connection with the instant motion. See Schneider v. Cal. Dep't of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (holding, "in determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint" (emphasis omitted)).

[5] In light of this finding, the Court does not address the County's additional argument that "[p]laintiffs' allegations do not meet the 'deliberate indifference' standard for their First [C]ause of [A]ction, or 'shocks the conscience' standard[] for their Second [C]ause of [A]ction." (See Mot. at 11:19-21.)
United States District Court / Northern District of California

3

FAC lacks facts sufficient to support either claim against them. As the County, in its Motion, only sought dismissal of "[p]laintiffs' claims against the County" (see Mot. at 13:6-8), and did not seek dismissal of any Doe defendants until its Reply (see Reply at 2:17-19, 8:4-9:18), the Court has not considered such argument herein.[6] See, e.g., Lentini v. Cal. Ctr. for the Arts, Escondido, 370 F.3d 837, 843 n.6 (9th Cir. 2004) (refusing to consider argument raised for the first time in reply; noting opposing party had no opportunity to respond).

## CONCLUSION

For the reasons stated above, the County's Motion to Dismiss is hereby GRANTED in part and DENIED in part, as follows:

1. To the extent the County seeks dismissal of plaintiffs' claims as alleged against the County, the motion is GRANTED, and such claims are hereby DISMISSED without further leave to amend.

2. To the extent the County seeks dismissal of plaintiffs' claims against Does 1-25, the motion is DENIED without prejudice to its filing, if appropriate, a motion on their behalf.

**IT IS SO ORDERED.**

Dated: May 18, 2021

MAXINE M. CHESNEY
United States District Judge

---

[6] To the extent the County, in its Motion, raised a challenge to the sufficiency of plaintiffs' factual allegations other than those pertaining to a municipal policy, it did so solely as a secondary argument on behalf of the County, and, indeed, there is some question as to whether counsel for the County has any authority to represent the Doe defendants or include them in their Rule 12(b)(6) motion. See Perez v. City of Hastings, Neb., No. 4:16CV3158, 2017 WL 1066574, at *4 (D. Neb. Mar. 21, 2017) (questioning "whether the named City and County defendants and their counsel ha[d] authority to respond for the as yet unidentified Doe defendants in their individual capacities and seek dismissal on their behalf").

4