Peter G. Bertling (SBN 131602)
Jemma Parker Saunders (SBN 227962)
Bertling Law Group
21 East Canon Perdido Street, Suite 204B
Santa Barbara, CA 93101
Telephone: 805-879-7558
Facsimile: 805-869-1597
peter@bertlinglawgroup.com
jemma@bertlinglawgroup.com
Attorneys for Defendant WELLPATH, INC.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHY CROSBY, and minor child C.C. by and through her Guardian ad Litem Elizabeth Bazile-Davis,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF ALAMEDA, a municipal corporation; WELLPATH, INC., a professional corporation; and DOES 1-50, inclusive, individually, jointly and severally,<br><br>Defendants. | Case No.: 3:20-cv-08529-MMC<br><br>**DEFENDANT WELLPATH, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT [FRCP Rule 12(b)(6)]**<br><br>**Hearing Date: July 2, 2021**<br>**Hearing Time: 9:00 a.m.**<br>**Hearing Dept: 7 – 19th Floor**<br><br>Action Filed: December 2, 2020<br>Judge: Hon. Maxine M. Chesney<br>Ctrm: 7 – 19th Floor |

### I.  INTRODUCTION

Plaintiffs' First Amended Complaint, filed on March 26, 2021, contains four causes of action against defendant WELLPATH, INC. related to their care of decedent during his incarceration in the Alameda County Jail. Specifically, plaintiffs claim Wellpath violated their constitutional civil rights and liberty and were negligent in their medical care related to him; Plaintiffs' have also plead a Second Cause of Action

claiming they were deprived of their constitutional rights to a familial relationship. See Plaintiffs' First Amended Complaint ("FAC"), CM/ECF Doc. No. 34.  Plaintiffs allege as a result of the unconstitutional and negligent care, decedent died by suicide.

Alameda County previously moved to dismiss plaintiffs' FAC, which motion was granted without leave to amend on May 18, 2021.  (CM/ECF Doc. No. 47).  Plaintiffs' claims are similarly unmeritorious on their face as to Wellpath and Wellpath now moves to dismiss the FAC.

## II.   FACTUAL BACKGROUND

As stated above, this case arises from Plaintiffs' Decedent taking his own life while incarcerated in the Santa Rita Jail on December 4, 2019. FAC, 4:4-18. Lacking any factual support, plaintiffs conclusory state Wellpath was "deliberately indifferent to decedent's condition." As Alameda County noted, the entire FAC contains only a few short lines of factual allegations that fall woefully short of pleading a valid cause of action. The entirety of the facts plead by plaintiffs are as follows:

1. Plaintiffs allege in February 2018, Decedent was admitted to Santa Rita Jail, was classified as a suicide risk and was placed on suicide watch. FAC, 4:9-18.

2. Approximately two years later, on December 4, 2019, Decedent allegedly placed a plastic bag over his head and suffocated himself. *Id*., 4:4-18.

3. Wellpath provides medical (but not mental health) services to Alameda County. *Id.* FAC 4:9-18.

There are no allegations in the original complaint or the FAC concerning how Decedent obtained this plastic bag, what medical monitoring was necessary but not provided, or why the Wellpath would be responsible for Decedent's actions herein. Further, the FAC is devoid of any allegations or reference to any Wellpath policy, practice or custom which caused decedent's death.  Even if vicarious liability were permitted in these claims, there are no allegations as to what any Wellpath staff member did or did not do which caused or contributed to decedent's death.

///

3:20-cv-08529-MMC

- 2 -

**DEFENDANT WELLPATH, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT [FRCP Rule 12(b)(6)]**

### III. AUTHORITY

Federal Rule of Civil Procedure Rule 12 permits a party to assert defenses by motion, including the defense of plaintiff's failure to state a claim upon which relief can be granted. Federal Rule of Civil Procedure Rule 12(b)(6). Rule 12(b)(6) affords a defendant an opportunity to test whether, as matter of law, plaintiff is entitled to legal relief even if everything alleged in complaint is true. *Mueller v. Gallina*, (2004) 311 F.Supp. 2d 606. A Complaint cannot survive a Rule 12(b)(6) motion to dismiss merely by setting forth all of elements of causes of action pled, since Rule 12(b)(6) was also designed to screen out cases where, as here, a complaint stated a claim based on a wrong for which there was clearly no remedy and for which no relief could possibly be granted. *Port Auth. v. Arcadian Corp.*, (1999, CA3 N.J.) 189 F.3d 305. Dismissal of a Complaint is appropriate when the Complainant fails to allege a cognizable legal theory or sufficient facts to support such theory. *Balistreri v. Pacifica Police Dept.*, (9thCir. 1988) 901 F.2d 696, 699.

Additionally, Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, (2007) 550 U.S. 544, 550. Rule 12(b)(6) allows a defendant to test whether, as matter of law, a plaintiff is entitled to legal relief even if everything alleged in the Complaint is true. D*oe v. Detroit Bd. of Educ.*, (2004) 310 F.Supp.2d 871. A motion to dismiss pursuant to Rule 12(b)(6) is properly granted where, as here, it is clear that no relief could be granted under any set of facts. *McCray v. Veneman*, (2002) 298 F.Supp.2d 13. Further, and specific to plaintiffs' First Amended Complaint herein, Rule 12(b)(6) motions are appropriate to examine the legality of a plaintiff's claims. See e.g. *Norkunas v. Park Rd. Shopping Ctr.*, Inc.(2011) 777 F.Supp.2d 998. Plaintiffs' FAC fails to state legally cognizable claims against defendant Wellpath, Inc. Therefore, granting Defendant Wellpath, Inc.'s 12(b)(6) Motion to Dismiss is proper.

///

///

3:20-cv-08529-MMC

- 3 -

**DEFENDANT WELLPATH, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT [FRCP Rule 12(b)(6)]**

## IV.  ARGUMENT

### A.  Plaintiffs' First Causes of Action is Factually Unsupported.

Plaintiff's First cause of action for deliberate indifference is entirely unsubstantiated. Plaintiffs fail to allege any policy, custom or practice which caused or contributed to decedent's death. See *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

In *Monell*, the Supreme Court held that municipalities are subject to liability under section 1983, not "based on theories akin to *respondeat superior*," but on a "fault-based analysis." *Oklahoma City v. Tuttle*, 471 U.S. 808, 818 (1985). To establish municipal liability under section 1983, as recognized in *Monell*, Plaintiffs must show at least one of the following, in addition to the other elements, for liability:

> (1) conduct pursuant to an official policy inflicted the injury; (2) the constitutional tort was the result of a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity;" (3) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official policy; or (4) an official with final policy-making authority "delegated that authority to, or ratified the decision of, a subordinate."

*Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008). Under *Monell*, "[a] single mistake does not give rise to municipal liability" (*Vandenburg v. Cty. of Riverside*, 722 F. App'x 657, 658 (9th Cir. 2018)) and "proof of random acts or isolated events are insufficient to establish custom, policy or practice" (*Hernandez Castro v. City of Hanford*, 546 F.Supp.2d 822, 826 (E.D. Cal. 2008)). Accord *Tuttle*, 471 U.S. at 823-824 ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*."). When alleging liability under *Monell*, Plaintiffs must proffer facts on all of the following:

- a. Identify the challenged policy or custom;
- b. Explain how the policy or custom is deficient;
- c. Explain how the policy or custom caused the harm; and
- d. Reflect how the policy or custom amounted to deliberate indifference, i.e. show how the deficiency involved was obvious and the constitutional injury was likely to occur.

E.g., *Harvey v. City of S. Lake Tahoe*, No. CIV S-10-1653 KJM EFB PS, 2012 U.S. Dist. LEXIS 51876, at *30 (E.D. Cal. Apr. 12, 2012), citing *Young v. City of Visalia*, 687 F.Supp.2d 1141, 1149 (E.D. Cal. 2009). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996); accord *L.A. Police Protective League v. Gates*, 907 F.2d 879, 890 (9th Cir. 1990) ("proof of random acts or isolated events are insufficient to establish custom"). To survive a motion to dismiss, Plaintiffs must "put forth additional facts regarding the specific nature of the alleged 'policy, custom, or practice.'" *A.E. ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).

In the context of plaintiffs' First cause of action in the FAC, plaintiffs allege no Wellpath policy or custom that contributed to decedent's death, and as such, plaintiffs do not meet their minimum pleading burdens. Indeed, there is nothing in plaintiffs' allegations in the FAC that comes close to meeting this elevated standard. The First Cause of Action therefore fails to state a claim against Wellpath and should therefore be dismissed.

### B.   Plaintiffs' Second Cause of Action is Factually Unsupported.

For Wellpath to be liable in the Second cause of action for any consequent interference to Plaintiffs' familial association, Wellpath's alleged misconduct must "shock [ ] the conscience" or "offend the community's sense of fair play and decency." *Rosenbaum v. Washoe Cty.,* 663 F.3d 1071, 1079 (9th Cir. 2011), quoting *Rochin v. California*, 342 U.S. 165, 172-73 (1952). This generally requires "conduct intended to injure in some way unjustifiable by any government interest." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998).

The standard for this type of 14th Amendment violation is even higher than that of deliberate indifference, to ensure that these kinds of third-party claims for the incidental impacts of an alleged constitutional violation are reserved for "only the most egregious

official conduct." *Id*. at 846. So, since plaintiffs have not adequately alleged the "deliberate indifference" necessary for the underlying constitutional deprivation in their First cause of action, pursuant to *Monell*, Wellpath cannot be liable for any incidental interference with Plaintiffs' familial relationship in their Second cause of action. *J.P. v. City of Porterville*, 801 F.Supp.2d 965, 989 (E.D. Cal. 2011).

In addition to failing to plead the "deliberate indifference" standard, plaintiffs fail to meet the higher "conscious shocking" standard for their Second cause of action. Plaintiffs' Second cause of action is therefore even more deficient than the First cause of action, and should be dismissed against Wellpath.

### C. Plaintiffs' First and Second Causes of Action Lack Specificity and Should Be Dismissed Against Wellpath.

In addition, applicable to plaintiffs First and Second causes of action alleged against Wellpath, plaintiffs "suing multiple defendants" cannot simply "lump defendants together" but instead "must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2)." *Flores v. EMC Mortg. Co.,* 997 F.Supp. 2d 1088, 1103 (E.D. Cal. 2014) (dismissing complaint for lack of specific, clearly defined allegations of each defendant's alleged wrongs to give fair notice of claims)(Internal quotation omitted.).

"Specific identification of the parties to the activities alleged by the plaintiffs is required in this action to enable the defendant to plead intelligently." Id. (Internal quotation omitted.) A complaint which "lump[s] together...multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2)." *Gen–Probe, Inc. v. Amoco Corp., Inc.,* 926 F.Supp. 948, 961 (S.D. Cal. 1996) (dismissing complaint for lumping together of multiple defendants in contravention of Rule 8(a)). "Shotgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations." *Sollberger v. Wachovia Sec*., LLC, 2010 WL 2674456, at *4 (C.D.Cal. June 30, 2010) (affirming dismissal where the complaint impermissibly lumped

together claims and defendants); see also *Mason v. Cty. of Orange*, 251 F.R.D. 562, 563 (C.D.Cal. 2008).

One common type of shotgun pleading comes in cases with multiple defendants where the plaintiff uses the omnibus term "Defendants" throughout a complaint by grouping defendants together without identifying what the particular defendants specifically did wrong. *Sollberger*, 2010 WL 2674456, at *4. Since there are no specific allegations as to Wellpath's conduct related to decedent in plaintiffs' First and Second causes of action in the FAC, separate and apart from Alameda County or DOE defendants, these claims in plaintiffs' FAC should be dismissed against it by the Court for lack of specificity.

### D. Plaintiffs Dismissed Their Third Cause of Action Against Wellpath.

Pursuant to Local Rule 7-12 and stipulation of the parties, the Third Cause of Action for Violation of California *Government Code* §845.6 was dismissed against Wellpath on May 5, 2021.  See CM/ECF Doc. No. 43.

### E. Plaintiffs' Fourth Claim for Wrongful Death Fails to State a Claim against Wellpath.

Plaintiffs' pendant state law claim for wrongful death alleged against Wellpath similarly fails to state a claim against Wellpath and should be dismissed.  The allegations simply state that Wellpath breached their duties to monitor and prevent decedent from obtaining a plastic bag, which caused his suicide.

The elements of a wrongful death claim are: (1) a wrongful act or neglect that (2) causes (3) the death of another person. See Cal. Civ. P. Code § 377.60; *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 390 (1999). The wrongful death claim may be based on Plaintiffs' claims that Defendants were deliberately indifferent to decedent's serious mental health needs. See *Villarreal v. Cty. of Monterey*, 254 F. Supp. 3d 1168, 1191 (N.D. Cal. 2017). Alternatively, a wrongful death claim may be premised on "any kind of tortious act." *Barrett v. Superior Court*, 222 Cal. App. 3d 1176, 1191 (1990).

3:20-cv-08529-MMC

- 7 -

**DEFENDANT WELLPATH, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT [FRCP Rule 12(b)(6)]**

Here, again, plaintiffs simply state that Wellpath had a duty of care of decedent and breached that duty by not monitoring him and allowing his suicide. While Wellpath is not disputing a duty of care, there are no allegations as to what Wellpath did or did not do which resulted in a breach of its duty, or caused his death. How did Wellpath fail to monitor decedent? How did Wellpath "allow" decedent's death? There are no individual's actions alleged in the Fourth cause of action upon which Wellpath may be vicariously liable. FAC, 8:1-24.

## V.   CONCLUSION

For the reasons stated herein, Defendant WELLPATH respectfully requests this Court grant defendant's Motion to Dismiss in its entirety, dismissing plaintiffs' First Amended Complaint against Wellpath in its entirety.

Respectfully submitted,

DATED: June 1, 2021    BERTLING LAW GROUP

*/s/ Peter G. Bertling*
Peter G. Bertling
Jemma Parker Saunders
Attorneys for Defendant
WELLPATH, INC.