IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHY CROSBY, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>WELLPATH, INC., et al.,<br><br>　　　　Defendants. | Case No. 20-cv-08529-MMC<br><br>**ORDER GRANTING DEFENDANT WELLPATH, INC.'S MOTION TO DISMISS; AFFORDING PLAINTIFFS LEAVE TO AMEND; CONTINUING CASE MANAGEMENT CONFERENCE** |

Before the Court is defendant Wellpath, Inc.'s ("Wellpath") Motion, filed June 1, 2021, "to Dismiss Plaintiffs' First Amended Complaint" pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs have filed opposition, to which Wellpath has replied. Having read and considered the papers submitted in support of and in opposition to the motion, the Court rules as follows.[1]

## BACKGROUND

The instant action arises out of the death of Christopher Crosby on December 4, 2019, while he was incarcerated at Santa Rita Jail in Alameda County. (See First Am. Compl. ¶¶ 14-15.) Plaintiff Kathy Crosby is the mother of Christopher Crosby, and plaintiff C.C. is the daughter of Christopher Crosby. (See id. ¶¶ 8-9.) In their First Amended Complaint ("FAC"), plaintiffs allege Christopher Crosby was admitted to Santa Rita Jail in February 2018 and classified as a suicide risk by County of Alameda ("County") correctional officers and by staff from Wellpath, a company that "provides medical services for inmates at Santa Rita Jail." (See id. ¶ 15.) According to plaintiffs,

---

[1] By order filed July 6, 2021, the Court took the matter under submission.

County staff and Wellpath staff "failed to properly monitor [Christopher] Crosby" and "failed to prevent [him] from possessing a plastic bag," which, plaintiffs allege, he "placed . . . over his head," causing him to "suffocate[] and die[]." (See id.)

Based on the above allegations, plaintiffs assert claims against Wellpath and two sets of Doe defendants, specifically, Does 1-25, who, plaintiffs allege, were at all relevant times employees of the County, and Does 26-50, who, plaintiffs allege, were at all relevant times employees of Wellpath. (See FAC ¶¶ 10-11.) In particular, plaintiffs assert the following four Causes of Action: (1) "Fourteenth Amendment, 42 U.S.C. § 1983[;] Violation of Christopher Crosby's Substantive Due Process Rights," alleged against Wellpath and all Doe defendants; (2) "Fourteenth Amendment, 42 U.S.C. § 1983[;] Violation of P[laintiffs'] Right to a Familial Relationship," alleged against Wellpath and all Doe defendants; (3) "Violation of California Government Code § 845.6," alleged against Wellpath and Does 26-50; and (4) "Wrongful Death– Negligence," alleged against Wellpath and Does 26-50.

By order filed May 5, 2021, the Court approved the parties' stipulation to dismiss, with prejudice, plaintiffs' Third Cause of Action. Consequently, only the First, Second, and Fourth Causes of Action remain.

**LEGAL STANDARD**

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. (internal quotation, citation, and

alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "Factual allegations must be enough to raise a right to relief above the speculative level[.]"  Twombly, 550 U.S. at 555.  Courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

## DISCUSSION

By the instant motion, Wellpath contends plaintiffs' remaining claims, to the extent alleged against it, are subject to dismissal for failure to state a claim.  The Court addresses each claim in turn.

### A.     First Cause of Action

To the extent alleged against Wellpath, the First Cause of Action, titled "Fourteenth Amendment, 42 U.S.C. § 1983[;] Violation of Christopher Crosby's Substantive Due Process Rights," is based on a theory that Wellpath is liable for the alleged failure of its staff to "ensure [Christopher Crosby] did not possess the instruments of suicidality" and to "properly monitor" him.  (See FAC ¶ 20.)

Wellpath, in arguing such claim is subject to dismissal, contends plaintiffs have failed to allege facts sufficient to show the asserted deprivation of constitutional rights occurred as a result of a Wellpath policy or custom.  The Court, as set forth below, agrees.

Under Monell v. Department of Social Services, 436 U.S. 658 (1978), a municipality is subject to liability under § 1983 where the alleged constitutional violation is the result of such municipality's "policy or custom," see id. at 694, and the Ninth Circuit has held "Monell . . . appl[ies] to suits against private entities under § 1983," see Tsao v.

3

1  Desert Palace, Inc., 698 F.3d 1128, 1139 (9th Cir. 2012).  Thus, to state a § 1983 claim
2  against a private entity, a plaintiff must show the private entity "acted under color of state
3  law" and that the alleged constitutional violation "was caused by an official policy or
4  custom of [said entity]."  See Tsao, 698 F.3d at 1139.

5        Here, although plaintiffs contend the alleged violation of constitutional rights was
6  caused by "Wellpath's failure to train [its] employees" (see Opp. at 6:3), a failure to train
7  constitutes an actionable policy or custom "only where [such] failure . . . amounts to
8  deliberate indifference to the rights of persons with whom the [employees] come into
9  contact," see City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989), and plaintiffs have
10 failed to allege facts sufficient to support such a finding.

11       In particular, as Wellpath points out, plaintiffs' allegations concern only one
12 incident of purportedly unlawful conduct, and, with one exception, which plaintiffs do not
13 contend is applicable here, "a single incident of unlawful conduct is insufficient to state a
14 claim for . . . liability under section 1983" under Monell.  See Benavidez v. Cnty. of San
15 Diego, 993 F.3d 1134, 1154 (9th Cir. 2021) (affirming dismissal of Monell claim alleging
16 failure to train, where claim supported "only with a single incident"; noting "[t]hat a
17 particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on
18 the city, for the officer's shortcomings may have resulted from factors other than a faulty
19 training program" (internal citation omitted)).  Indeed, plaintiffs do not dispute the
20 foregoing, but, rather, in their Opposition, state they "believe discovery will reveal details
21 about prior instances of inmates dying from suicide while under the care of Wellpath
22 staff."  (See Opp. at 5:12-14.)  Plaintiffs, however, may not proceed on their claims solely
23 on the basis of such speculation.  See Twombly, 550 U.S. at 570 (holding plaintiff must
24 plead "enough facts to state a claim to relief that is plausible on its face").[2]

---

[2] To the extent plaintiffs, in arguing to the contrary, may be relying on Phillips v. County of Fresno, No. 1:13-cv-0538, 2013 WL 6243278 (E.D. Cal. Dec. 3, 2013), and Estate of Duran v. Chavez, No. 2:14-cv-02048, 2015 WL 8011685 (E.D. Cal. Dec. 7, 2015), such reliance is misplaced, as the plaintiffs in those cases had pled "more concrete and specific facts to support a Monell claim" than plaintiffs have pled here. Compare Wilson v. Town of Danville, No. 17-CV-00863-DMR, 2017 WL 2335545, at *3

Moreover, even assuming, <u>arguendo</u>, plaintiffs have sufficiently identified a Wellpath policy or custom, they have failed to allege facts sufficient to support a finding that any constitutional violation was committed pursuant thereto. In that regard, as discussed below, plaintiffs have not alleged facts sufficient to show that one or more Wellpath employees were "deliberately indifferent to Christopher Crosby's suicidal ideations." (<u>See</u> Opp. at 8:1-2.)

A § 1983 claim brought by a pretrial detainee for a violation of his/her right to adequate medical care, including suicide prevention measures, "must be evaluated under an objective deliberate indifference standard." <u>See</u> <u>Gordon v. Cnty. of Orange</u>, 888 F.3d 1118, 1124-25 (9th Cir. 2018). Under such standard, a plaintiff must show:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

<u>See</u> <u>id.</u> at 1125. Further, with respect to the third of the above-listed elements, "the plaintiff must prove more than negligence but less than subjective intent—something akin to reckless disregard." <u>See</u> <u>id.</u> (internal quotation and citation omitted).

Here, as Wellpath points out, plaintiffs' allegations, specifically, that Christopher Crosby, almost two years after being admitted to Santa Rita Jail and placed on suicide watch, obtained, in an unspecified manner and at an unspecified time, a plastic bag that

---

(N.D. Cal. May 30, 2017) (dismissing <u>Monell</u> claim based on failure to train; finding plaintiff, in contrast to plaintiffs in <u>Phillips</u> and <u>Estate of Duran</u>, had pled "no specific facts or allegations to support his [Monell] claim"), <u>with</u> <u>Estate of Duran</u>, 2015 WL 8011685, at *9 (denying request to dismiss plaintiffs' claims for supervisory liability; finding "there are enough facts pled as to [the supervisor's] actions and failures in supervising his subordinates, including his personal observations of [the decedent's] distress and his subordinates' failure to acquire medical treatment for [the decedent]"), <u>and</u> <u>Phillips</u>, 2013 WL 6243278, at *9-10 (denying request to dismiss plaintiffs' claim for entity and supervisory liability; noting plaintiffs "have pointed to newspaper articles acknowledging" problems similar to alleged unlawful conduct at issue, "as well as a class action suit that alleges substantially similar problems").

5

he used to commit suicide, are insufficient to support a finding that Wellpath staff acted with "something akin to reckless disregard." See Gordon, 888 F.3d at 1125. In particular, such allegations are insufficient to support a finding that Wellpath staff knew, or had reason to know, Christopher Crosby was "in imminent danger of harming [himself]," let alone that Wellpath staff failed to take reasonable measures to abate such risk. See Bremer v. Cnty. of Contra Costa, No. 15-CV-01895-JSC, 2016 WL 6822011, at *9 (N.D. Cal. Nov. 18, 2016) (finding, under § 1983, placement of pretrial detainee on suicide watch insufficient to support finding of either subjective or objective awareness of imminent danger) (citing Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010)).

Accordingly, the First Cause of Action, to the extent asserted against Wellpath, is subject to dismissal. Moreover, as plaintiffs' failure to allege sufficient facts to support a finding of deliberate indifference is equally applicable to the non-moving Doe defendants, the First Cause of Action is subject to dismissal as asserted against said additional defendants as well. See Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) (holding, where court grants motion to dismiss complaint as to one defendant, court may dismiss complaint against non-moving defendant "in a position similar to that of moving defendants").[3]

**B.    Second Cause of Action**

To the extent alleged against Wellpath, the Second Cause of Action, titled "Fourteenth Amendment, 42 U.S.C. § 1983[;] Violation of P[laintiffs'] Right to a Familial Relationship," is based on a theory that "Wellpath's failure to train [its] employees . . . violated [p]laintiffs' rights to a familial relationship with [d]ecedent Christopher Crosby." (See Opp. at 7:3-5.)

---

[3] As noted, plaintiffs bring their First and Second Causes of Action against all Doe defendants, i.e., County Does and Wellpath Does. In both the initial Complaint and FAC, plaintiffs make no distinction between the two groups of Does in alleging facts in support of those claims. (See, e.g., Compl. ¶¶ 15-16, 22, 26; FAC ¶¶ 14-15, 20, 24.)

As discussed above, however, plaintiffs have failed to allege facts sufficient to identify a Wellpath policy or custom that caused any alleged violation of constitutional rights, and, consequently, the Second Cause of Action, as asserted against Wellpath, is subject to dismissal.

Moreover, even assuming, arguendo, plaintiffs have sufficiently identified a Wellpath policy or custom, they have not alleged facts sufficient to support a finding that the constitutional violation occurred, specifically, that any conduct on the part of Wellpath staff "prevented [plaintiffs] from exercising their right to a familial relationship with C[hristopher] C[rosby]." (See FAC ¶ 24.)

In particular, to state a § 1983 claim for a violation of the "substantive due process right to family integrity or to familial association," the alleged harmful conduct "must shock [ ] the conscience or offend the community's sense of fair play and decency." See Rosenbaum v. Washoe Cnty., 663 F.3d 1071, 1079 (9th Cir. 2011) (alteration in original) (internal quotations and citation omitted). Although an individual's "deliberately indifferent conduct will generally 'shock the conscience' so as long as [he/she] had time to deliberate before acting or failing to act in a deliberately indifferent manner," see Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1075 (9th Cir. 2013), a showing of deliberate indifference must, of course, be made.

Here, as Wellpath points out, plaintiffs' allegations are, as discussed above, insufficient to support a finding of deliberate indifference, and thus those allegations are insufficient to support a finding of indifference that "rise[s] to the conscience-shocking level." See Lemire, 726 F.3d at 1075. Consequently, the Second Cause of Action, as asserted against Wellpath, is subject to dismissal for this additional reason, and, as such deficiency is equally applicable to the non-moving Doe defendants, the Second Cause of Action is subject to dismissal as asserted against said additional defendants as well. See Silverton, 644 F.2d at 1345.

**C.   Fourth Cause of Action**

To the extent alleged against Wellpath, the Fourth Cause of Action, titled

"Wrongful Death– Negligence," is based on a theory that "Wellpath is vicariously liable for the torts committed by Wellpath staff during the scope of their employment," and that Wellpath staff acted negligently by breaching the duty of care they owed Christopher Crosby "when they failed to restrict [his] access to instruments of suicidality." (See Opp. at 9:23-25, 9:26-28.)

Under section 377.60 of the California Code of Civil Procedure, the elements of a wrongful death claim are "(1) a 'wrongful act or neglect' on the part of one or more persons that (2) 'cause[s]' (3) the 'death of [another] person.'" See Norgart v. Upjohn Co., 21 Cal. 4th 383, 390 (1999) (alterations in original) (quoting Cal. Civ. Proc. Code § 377.60). Where, like here, the wrongful death is alleged to have resulted from negligence, the operative complaint must also "contain allegations as to all the elements of actionable negligence," i.e., "the violation of a legal duty imposed by statute, contract or otherwise, by the defendant to the person injured." See Jacoves v. United Merch. Corp., 9 Cal. App. 4th 88, 105 (1992).

Wellpath does not dispute plaintiffs' contention that it may be held vicariously liable for the negligence of its staff, or that its staff owed a duty of care to Christopher Crosby. Rather, Wellpath argues, plaintiffs have failed to allege facts supporting a finding that its staff breached such duty. (See Reply at 11:1-3; see also Mem. in Supp. of Mot. to Dismiss at 8:1-4.) The Court, as set forth below, agrees.

Although plaintiffs allege Wellpath staff breached their duty of care to Christopher Crosby "by failing to properly monitor" him and "by allowing [him] access to instruments of suicidality" (see FAC ¶ 31), specifically, a plastic bag, plaintiffs fail to allege sufficient facts from which the Court may reasonably infer "more than the mere possibility of misconduct," see Iqbal, 556 U.S. at 678 (internal citation omitted), such as how or when Christopher Crosby obtained a plastic bag and how Wellpath staff's monitoring was inadequate, see Hernandez v. Cnty. of Santa Clara, No. 19-cv-07888-EJD, 2020 WL 3101041, at *8 (N.D. Cal. June 11, 2020) (dismissing wrongful death claim based on defendants' alleged negligence in failing to address pretrial detainee's suicidality, where

detainee "committed suicide using a towel"; noting, "the FAC contains no allegations explaining how [d]efendants' monitoring was inadequate" or "how or when [the detainee] obtained the towel").

Accordingly, plaintiffs' Fourth Cause of Action, to the extent asserted against Wellpath, is subject to dismissal, and, as the above-described deficiency is equally applicable to the non-moving Wellpath Doe defendants, the Fourth Cause of Action is likewise subject to dismissal as asserted against those additional defendants. See Silverton, 644 F.2d at 1345.

## D. Leave to Amend

Having determined plaintiffs' claims are subject to dismissal, the Court next considers whether such dismissal should be with leave to amend.

Although the above-described deficiencies were previously identified by defendant County and defendant County of Alameda Officer Henderson ("Henderson") in their motion to dismiss plaintiffs' claims as asserted against them in the initial Complaint, and although the Court granted the motion with leave to amend (see Order, filed Feb. 26, 2021),[4] Wellpath did not file a joinder in that motion, nor did the County and Henderson purport to move on behalf of any of the Doe defendants.

Under such circumstances, and because the above-described deficiencies are potentially curable, the Court will afford plaintiffs leave to amend, for the sole purpose of curing, if they can do so, any one or more of those deficiencies. See Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir. 1990) (holding "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts").

---

[4] Plaintiffs then filed the FAC, naming as defendants the County, Wellpath, and Does 1-50, after which the Court granted the County's second motion to dismiss and dismissed, without further leave to amend, plaintiffs' claims as asserted against the County. (See Order, filed May 18, 2021.)

**CONCLUSION**

For the reasons stated above, the Motion to Dismiss is hereby GRANTED, and plaintiffs' claims are hereby DISMISSED with leave to amend to cure the above-described deficiencies. Plaintiffs' Second Amended Complaint, if any, shall be filed no later than August 13, 2021.

In light of the foregoing, the Initial Case Management Conference is hereby CONTINUED from July 30, 2021, to October 29, 2021, at 10:30 a.m. A Joint Case Management Statement shall be filed no later than October 22, 2021.

**IT IS SO ORDERED.**

Dated: July 20, 2021

MAXINE M. CHESNEY
United States District Judge