IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHY CROSBY, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>DOES 1-50,<br><br>　　　　　Defendants. | Case No.　20-cv-08529-MMC<br><br>**ORDER RE: ORDER TO SHOW CAUSE; DISMISSING ALL CLAIMS AGAINST DOE DEFENDANTS** |

On August 23, 2021, the Court issued an Order to Show Cause why plaintiffs' claims against two sets of Doe defendants, specifically, Does 1-25, who, plaintiffs allege, were at all relevant times employees of defendant County of Alameda ("County"), and Does 26-50, who, plaintiffs allege, were at all relevant times employees of defendant Wellpath, Inc. ("Wellpath"), should not be dismissed for failure to serve within the time required by Rule 4(m) of the Federal Rules of Civil Procedure.

On August 30, 2021, plaintiffs filed a Response to the Order to Show Cause, stating they "should be allowed to discover information to further evaluate the case and substitute [the] D[oe] defendants" (see Doc. No. 61 at 6:15-16), after which, although not directed to do so by the Court, the County filed a Response thereto, requesting the instant action be dismissed without prejudice (see Doc. No. 62 at 3:20-23).[1]

Having read and considered plaintiffs' Response to the Order to Show Cause, as

---

[1] Although the County, in its Response, states the "First Amended Complaint should be dismissed" (see Doc. No. 62 at 3:20-23; see also id. at 2:16; 3:15-17), the Court understands the County requests dismissal of the operative complaint, namely, the Second Amended Complaint.

well as the County's Response thereto, the Court rules as follows.

**A.  Procedural Background**

As set forth in the Court's Order to Show Cause, the only claims remaining in the case are Causes of Action asserted against the fifty Doe defendants in the Second Amended Complaint ("SAC"), namely, two federal claims under 42 U.S.C. § 1983, and one state law claim under California Code of Civil Procedure sections 377.60 and 377.61.

Prior to plaintiffs' filing the SAC, the Court, by order filed July 20, 2021, dismissed the same three claims against the Doe defendants, as asserted in the First Amended Complaint ("FAC"), finding plaintiffs had failed to sufficiently allege, as to the federal claims, any Doe defendant acted with "deliberate indifference" (see Order, filed July 20, 2021, at 6:11-18, 7:19-26), and, as to the state law claim, any Doe defendant "breached [his/her] duty of care" (see id. at 8:20-9:8).[2]  The Court addresses below whether plaintiffs have cured those deficiencies.

**B.  County Does**

As to the County Does, plaintiffs' allegations in the SAC are, in all material respects, identical to their allegations in the FAC.  Consequently, those allegations remain insufficient to plead a claim against any of the County Does.  Although plaintiffs seek leave to conduct discovery, that request, as noted, is not limited to discovering the identity of any Doe, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) (holding plaintiff, ordinarily, "should be given an opportunity through discovery to identify the unknown defendants"), but also includes discovering the facts necessary to support their claims, relief to which plaintiffs are not entitled, see Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (holding failure to meet pleading requirements "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"); see also Whitaker v. Tesla Motors, Inc., 985 F.3d 1173, 1177 (9th Cir. 2021) (noting, "the Supreme Court has

---

[2] Although the SAC also includes a state law claim under California Government Code section 845.6, that claim, pursuant to stipulation, has been dismissed with prejudice.  (See Order, filed May 5, 2021, at 3:3-7.)

been clear that discovery cannot cure a facially insufficient pleading" (citing Iqbal)).

Accordingly, plaintiffs' claims against the County Does will be dismissed.

**C.    Wellpath Does**

As to the Wellpath Does, plaintiffs have added new allegations. In particular, as to the duty of care, plaintiffs set forth Wellpath's obligations under its contract with the County. (See SAC ¶ 15 (alleging, "for every inmate placed in a safety cell placement on suicide watch, W[ellpath] was responsible for having a registered nurse or higher level care provider (physician, physician's assistant or nurse practitioner) physically check the inmate at least two times every eight hours, a minimum of three hours apart").) The deficiencies previously identified, however, do not pertain to the element of duty, but, rather, the element of breach.

As to that latter element, plaintiffs' allegations remain, in essence, an assumption that, given the unfortunate event of decedent Christopher Crosby's suicide, Wellpath staff must have done something wrong. (See, e.g., SAC ¶ 16 (alleging Wellpath staff "either failed to monitor items given to [Christopher Crosby] on the date of the incident, or they directly gave [him] the plastic bag which he used to kill himself").)[3] Such allegations are insufficient to plead plaintiffs' claims. See Iqbal, 556 U.S. at 679 (holding complaint subject to dismissal "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct").

In short, as with the County Does, the problem is not with plaintiffs' failure to plead a wrongdoer's identity, but with their failure to plead a wrongdoing.

Accordingly, plaintiffs' claims against the Wellpath Does will be dismissed.

//

---

[3] Although plaintiffs also add allegations regarding other inmate suicides occurring at the facility wherein Christopher Crosby was housed, the circumstances under which those deaths occurred appear distinguishable from the circumstances alleged in the instant case. (See, e.g., SAC ¶ 18 (alleging inmate L.L. committed suicide after being removed from suicide watch "and placed in administrative segregation"); id. (alleging inmate R.R committed suicide after Wellpath failed to screen him for mental health needs).)

3

**CONCLUSION**

For the reasons stated above, plaintiffs' claims against the Doe defendants are hereby DISMISSED without prejudice.

**IT IS SO ORDERED.**

Dated: September 3, 2021

MAXINE M. CHESNEY
United States District Judge